Argued June 8, affirmed November 15, 1978

BRADDOCK et al, *Respondents,*
*v.*
CAPFER, *Appellant.*
(No. 77-1314, SC 25505)

586 P2d 340

Merwin C. Logan, of Moore, Wurtz & Logan, Springfield, argued the cause for appellant. With him on the briefs was Lynn L. Moore, Springfield.

John R. Parrott, Eugene, argued the cause and filed the brief for respondents.

Before Denecke, Chief Justice, and Holamn, Howell and Lent, Justices.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiffs brought this action to recover unpaid wages plus a penalty prescribed by ORS 652.150. Plaintiffs were employed to sheet and roof a house for defendant at a specified rate per square foot. Each of the three plaintiffs worked four hours on one day; one plaintiff returned another day and completed the job in two hours. Their wages have never been paid. Plaintiffs were awarded $109.20 in unpaid wages and a penalty of $5,616.00. Defendant appeals. We affirm.

■ Defendant first asserts that the court erred in refusing to withdraw from the jury the issue of assessing a penalty. Defendant moved to withdraw the issue on the basis that there was no evidence that the refusal to pay was wilful. The penalty provisions of ORS 652.150 are applicable only for wilful nonpayment. Defendant contends that he believed plaintiffs were to be paid on the basis of the square footage of floor space in the house. Plaintiffs believed they were to be paid based upon the area of the roof. We have indicated in prior decisions construing this statute that a bona fide belief that wages were not due would preclude a finding that the failure to pay was wilful. See *Hekker v. Sabre Construction Co.,* 265 Or 552, 561, 510 P2d 347 (1973). In this case, however, plaintiffs introduced evidence which indicated that there was no bona fide dispute. The issue, therefore, was for the jury. The trial court correctly refused to withdraw the issue.

■ Defendant next contends that the penalty assessed was excessive and improperly computed when employes are paid on a piecework basis. ORS 652.150 provides the penalty shall be computed by multiplying the daily wage by the number of days the claimant remained unpaid, not to exceed 30 days. *Nordling v. Johnston,* 205 Or 315, 283 P2d 994, 287 P2d 420 (1955).

Determining the daily wage is the difficult problem in a case such as this in which only two days were

worked and no pattern was fixed on the number of hours normally to be worked.

The jury apparently computed the daily wage by determining the rate per hour (i.e., total pay divided by number of hours worked), multiplying by eight (the number of hours in a "normal" workday), then multiplying by three (the number of persons working). They then multiplied by 30 (the number of days of penalty wages to be assessed). The total penalty resulting from that calculation is $5,616.00—the amount awarded by the jury.

The jury did not know and we do not know whether these plaintiffs doing roofing would ordinarily work an eight-hour day. In the absence of any evidence to the contrary, except that they did not work eight hours during the two days worked, we are of the opinion that the jury was justified in using the factor of eight hours per day.

Defendant argues that the daily wage should be computed simply by dividing the total wages owed by the number of days on which any of the three plaintiffs worked. Since three persons worked one day and one worked another, defendant would divide the total earned by two to arrive at a daily wage of $54.60. But we do not believe this method is appropriate. Because plaintiffs were hired as a group on a joint contract, they are to receive a single penalty. Counting each day on which any member worked as a full workday for the group tends to unrealistically lower the daily wage earned by the group.

Affirmed.